### COMMONWEALTH *vs.* HENRY STONE.

An indictment, which purports in its caption to have been found on the first day of the term, but charges an offence of a later date, may be shown, by reference to the clerk s certificate indorsed thereon, to have been actually returned into court after this date.

DEWEY, J.   The defendant having been convicted in the municipal court of being a common seller of spirituous and intoxicating liquors, the case comes before this court upon a

motion in arrest of judgment. The grounds of the motion are " that the indictment is defective upon its face, inasmuch as it does not appear but that the offence was committed after the grand jury had found a bill charging the party with the offence; " and " that the time stated is repugnant and uncertain."

Upon recurring to the indictment, we find the alleged time of the commission of the offence to be between the 18th of March 1854 and the 18th of September 1854. The indictment, on its face, purports to have been found " at the municipal court of the city of Boston, begun and holden at said Boston, within and for the county of Suffolk, on the first Monday of September in the year of our Lord one thousand eight hundred and fifty four," which was the fourth day of September. If the period for finding the indictment were limited to the first day of the sitting of the court thus stated in the caption of this indictment, the indictment would certainly be obnoxious to the objection that the time charged embraced a period after the finding of the indictment.

The further question is whether this objection is not obviated by the indorsement on the indictment in these words: " 21st Sept. 1854. Returned into said municipal court by the grand jurors, and ordered to be filed. Attest, T. W. Phillips, Clerk."

The object of the caption is said to be to give a formal statement of the proceedings, describing the court before which the indictment is found, and the time and place where it is found. But, taking the English treatises as our guides, the caption constitutes no part of the indictment; and any mistake in it may be amended. 1 Chit. Crim. Law, 335. Archb. Crim. Pl. (5th Amer. ed.) 27. 1 Saund. 250, *note.* Whart. Crim. Law, 100, is to the like effect.

It is true that in practice, in England, appending the caption is usually a ministerial act, and it is introduced as a part of the record, or return from an inferior to a superior court, from which a *certiorari* issues. Here the caption is usually drawn with the other parts of the indictment, and is embodied in the instrument returned by the grand jury as a true bill But we do not think

that an insuperable objection to showing, by a certificate, filed in the course of proceedings in a particular case, under the hand of the clerk, the actual time of filing the bill. It might be a good reason why an amendment should not be made of the caption in such cases, but leaves the other sources for fixing the time open to be resorted to, if any such exist.

The time alleged in the caption, as the day of finding the indictments of the term, is usually confined to the first day of the term. Practically, in most of the counties, the grand jury do not in fact meet till the second day, and their session continues through several days. That they may properly find indictments for offences committed after the commencement of their session is well settled, and was directly held in *Commonwealth* v. *Gee*, 6 Cush. 174. Whether the caption of the indictment must, in order to be valid, in such cases, state the fact that the bill was found after the first day of the session, and late enough to include the time of the offence as alleged, was left an open question in that case. But upon looking at the question as a matter of principle, as well as governed by authority, we see no objection to allowing the time of finding the bill to be shown by reference to other records, and papers filed in the case, whenever any such exist that fix the date.

Thus it has been held that defects in the caption of the indictment may be supplied by the courts in which it is taken, by reference to other records. *Pennsylvania* v. *Bell*, Addison, 175. *The State* v. *Jones*, 4 Halst. 357. *The State* v. *Brickell*, 1 Hawks, 356. In *The State* v. *Gilbert*, 13 Verm. 647, it was held that the caption of a bill of indictment was no part of the presentment of the grand jury; and if wholly omitted in the court below, the indictment might nevertheless be sufficient, as the minutes of the clerk on the bill, at the time of its presentment, and the general records of the term would supply the defect.

Upon consideration of that part of the indictment known as the caption, and the decisions in respect to it in the cases cited, we have come to the opinion that the time of finding of the bill may be shown *aliunde*, when it becomes necessary to show that the bill was found at a day subsequent to the commence

ment of the session of the court. No evidence of that fact can be more satisfactory than the actual record of the clerk of the court as to the time when the indictment was returned and filed.

*Motion in arrest overruled.*

*G. E. Betton,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.